**SO ORDERED.**

**SIGNED this 26 day of March, 2007.**

_____
 **J. Rich Leonard
 United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

| | |
|---|---|
| **TINA MARIE MANGIN,** | Case No. 04-02335-8-JRL |
| Debtor. | |
| | |
| **ALEGERNON L. BUTLER, JR.,** | Adversary Proceeding No.: |
| Trustee in Bankruptcy for Tina | L-05-00123-8-AP |
| Marie Mangin, | |
| Plaintiff, | |
| v. | |
| **STEVE B. MANGIN and** | |
| **RBC CENTURA BANK,** | |
| Defendants. | |

_____

## ORDER

This case is before the court on the motion to dismiss filed by defendant Steve Mangin.

The court conducted a hearing on this matter in Wilmington, North Carolina on March 13, 2007.

## BACKGROUND

The debtor filed chapter 7 on March 22, 2004, and Steven Mangin is the debtor's

husband. On January 24, 2003, Mr. Mangin obtained an unsecured loan from Branch Banking and Trust Company ("BB&T") solely in his name in the amount of $12,000. On October 2, 2003, Mr. Mangin obtained a loan from RBC Centura Bank, solely in his name in the amount of $12,400. The RBC Centura Bank loan was secured by a deed of trust executed by the debtor and Mr. Mangin. The deed of trust purports to grant RBC Centura Bank a lien and security interest in real property located in New Hanover County, North Carolina ("Property"). The Property is owned and titled in the names of the debtor and Mr. Mangin, as tenants by the entirety.

On June 22, 2005, the trustee filed this adversary proceeding. In the complaint, the trustee asserts that the proceeds from the October 2, 2003 loan from RBC Centura Bank were applied to satisfy Mr. Mangin's individual indebtedness to BB&T. The trustee, therefore, contends that the debtor transferred a security interest in property of the estate within one year of filing her petition, and the transfer is avoidable pursuant to 11 U.S.C. §§ 548 and 544 and N.C. Gen. Stat. § 39-23 et. seq. On August 23, 2005, Mr. Mangin's filed an answer, which included a motion to dismiss.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In making that determination, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiffs. Hatfill v. The New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

## ANALYSIS

Pursuant to 11 U.S.C. § 548 the trustee may avoid transfers "of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition"[1] under limited circumstances. Specifically, the Code provides that the trustee may avoid the transfer if the debtor: "(B) (I) received less than a reasonably equivalent value in exchange for such a transfer or obligation; and (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . [.] 11 U.S.C. § 548(a)(1)(B)(I)-(ii). That the property interest transferred encumbered only property that could be exempted in bankruptcy is no defense. Tavenner v. Smoot, 257 F.3d 401, 407 (4th Cir. 2001).

By signing the deed of trust the debtor transferred a portion of her interest in the Property to RBC Centura Bank within one year of filing her petition. Accepting as true all allegations pled in the complaint, the debtor was insolvent on the date of the transfer and received no equivalent value in exchange for her interest in the Property. Therefore, the court finds that the complaint does state a claim upon which relief can be granted.

This case is similar to but distinct in one critical respect from, Butler v. NationsBank, N.A., 58 F.3d 1022 (4th Cir. July 5, 1995). In *Butler*, the debtor and her husband signed a promissory note for $35,000 to pay off a debt of the debtor's husband. Id. at 1025. The note was secured by a deed of trust on their house, which they owned as tenants by the entirety. Id. The court held that the bank was required to pay $17,797 to the trustee, because the transfer of the

---

[1] The text of the statute was changed with the passage of BAPCPA, but this case was filed prior to BAPCPA becoming effective and therefore the old language applies.

debtor's share of the loan proceeds was void as a fraudulent conveyance under North Carolina law. Id. at 1030. However, in this case, the debtor never signed the promissary note and no funds attributable to her were transferred. The only transfer that took place was the transfer of the interest in the Property.

The trustee can only recover that which is allowed under North Carolina law and the Bankruptcy Code. Pursuant to Section 541(a) of the Bankruptcy Code, the debtor's bankruptcy estate includes her tenancy by the entirety interest in her Property. See In re Cordova, 73 F.3d 38, 40 (4th Cir. 1996). The filing of her bankruptcy petition did not sever that tenancy by the entirety interest. See Greenblatt v. Ford, 638 F.2d 14, 15 (4th Cir. 1981). Under North Carolina law, the "trustee may sell property held as tenants by the entirety only if there are creditors in the case to whom both spouses are indebted." In re Knapp, 285 B.R. 176 (Bankr. M.D.N.C. Oct. 2. 2002). Therefore, the trustee may be able to avoid the transfer of the deed of trust to RBC Centura Bank by the debtor, but the Property will retain its tenancy by the entirety status. Any additional equity created in the property by the avoidance would be subject to administration by the trustee only to satisfy pre-petition joint claims.

## CONCLUSION

Based on the evidence before the court, the complaint states a claim upon which relief can be granted. Therefore, defendant Steve Mangin's motion to dismiss is DENIED.

"END OF DOCUMENT"